Keith J. Miller, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com

*Attorneys for Plaintiffs*
*Aragon Pharmaceuticals, Inc., Janssen*
*Biotech, Inc., and Sloan-Kettering Institute for*
*Cancer Research*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARAGON PHARMACEUTICALS, INC., JANSSEN BIOTECH, INC., and SLOAN-KETTERING INSTITUTE FOR CANCER RESEARCH, <br><br> Plaintiffs, <br><br> v. <br><br> LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., <br><br> Defendants. | Honorable Evelyn Padin, U.S.D.J. <br><br> Civil Action No. 2:22-CV-2825(EP)(LDW) <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiffs Aragon Pharmaceuticals, Inc. ("Aragon"), Janssen Biotech, Inc. ("JBI"), and Sloan-Kettering Institute for Cancer Research ("Sloan-Kettering") (collectively, "Plaintiffs"), for their Complaint against Defendants Lupin Limited ("Lupin Ltd.") and Lupin Pharmaceuticals, Inc. ("Lupin Pharm.") (collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for infringement of United States Patent Nos. 9,481,663 ("the 663 Patent"), 9,884,054 ("the 054 Patent"), 10,052,314 ("the 314 Patent"), 10,702,508 ("the 508 Patent"), and 10,849,888 ("the 888 Patent") (collectively, the "Patents-In-Suit").

2.      This action relates to the submission of Abbreviated New Drug Application No. 217084 ("the ANDA") by Defendants to the United States Food and Drug Administration ("FDA") seeking approval to market a proposed generic version of Erleada® ("Proposed ANDA Product") prior to the expiration of the Patents-In-Suit.

## THE PARTIES

3.      Aragon is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 10990 Wilshire Boulevard, Suite 440, Los Angeles, California 90024.

4.      JBI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044.

5.      Sloan-Kettering is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 1275 York Avenue, New York, New York 10065.

6.       On information and belief, Lupin Ltd. is a corporation organized under the laws of India, having its principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 400055, Maharashtra, India.

7.       On information and belief, Lupin Pharm. is a company organized and existing under the laws of the State of Delaware, having a principal place of business at 111 South Calvert Street, Harborplace Tower, 21st Floor, Baltimore, Maryland 21202.

8.       On information and belief, Lupin Pharm. is a wholly-owned subsidiary of Lupin Ltd.

## JURISDICTION AND VENUE

9.       This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including § 271(e)(2), and also including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 for patent infringement arising under 35 U.S.C. § 100 *et seq.*, including § 271(a)-(c).

10.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

12.      Defendants have agreed that, for purposes of this action only, they will not contest venue and jurisdiction in this judicial district.  *See* ECF No. 18 (¶¶ 10-11).

13.      On information and belief, Defendants cooperate, collaborate, or act in concert for the purposes of manufacturing, selling, marketing, distributing, and importing generic drug products in New Jersey and throughout the United States.

14.     On information and belief, Defendants hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States.  On information and belief, Defendants are "vertically integrated, from process development of the API to the submission of dossiers for finished dosages."  *See* https://www.lupin.com/US/generics/, last accessed May 4, 2022.  Defendants' "manufacturing is also integrated."  *See id.*

15.     On information and belief, Lupin Ltd. has substantial, continuous, and systematic contacts with New Jersey.

16.     On information and belief, Lupin Ltd. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

17.     On information and belief, Lupin Ltd., alone or together with Lupin Pharm., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

18.     On information and belief, Lupin Ltd. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example:  *Bausch & Lomb, Inc. et al v. Lupin Limited et al*, 22-cv-00534; *Jazz Pharmaceuticals Ireland Limited v. Lupin Limited et al*, 21-cv-14271; *Teva Branded Pharmaceutical Products R&D, Inc. et al v. Lupin Ltd. et al*, 21-cv-13247; *Purple Biotech Ltd. v. Lupin Limited et al*, 20-cv-12849; *Horizon Orphan LLC et al v. Lupin Limited et al*, 20-cv-10339; *Celgene Corporation v. Lupin Limited*, 20-cv-08570; *Merck Sharp & Dohme BV et al v. Lupin Limited et al*, 20-cv-02786; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, 18-cv-16708; *Valeant*

*Pharm. N. Am. LLC v. Lupin Ltd.*, 18-cv-13700; *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, 18-cv-12663; *Sun Pharma Global FZE v. Lupin Ltd.*, 18-cv-02213.

19.     This Court has personal jurisdiction over Lupin Ltd. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with, Lupin Pharm.

20.     This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, this action arises from actions of Lupin Ltd. directed toward New Jersey.  For example, Defendants submitted the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the 663 Patent.  If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

21.     Exercising personal jurisdiction over Lupin Ltd. in this district would not be unreasonable given Lupin Ltd.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

22.     In the alternative, this Court has personal jurisdiction over Lupin Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met because:  (a) Plaintiffs' claims arise under federal law; (b) Lupin Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Lupin Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing Abbreviated New Drug Applications with the FDA and manufacturing and selling generic pharmaceutical products that

are distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

23.     Venue is proper under 28 U.S.C. § 1391(c)(3) because Lupin Ltd. is a foreign corporation.

24.     On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey.

25.     On information and belief, Lupin Pharm. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

26.     On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey, including that it is registered to do business in New Jersey (Entity Id. No. 0101043376) and is registered as a drug manufacturer and wholesaler in New Jersey (Registration Nos. 5004060 and 5005159).

27.     On information and belief, Lupin Pharm. has a regular and established business at 400 Campus Drive, Somerset, New Jersey 08873.  On information and belief, Lupin Pharm. operates a manufacturing and a research and development facility, and has sales and marketing operations teams at this New Jersey location.

28.     On information and belief, Lupin Pharm. has a regular and established business at 15 Jensen Dr, Somerset, New Jersey 08873, and has registered this address with the New Jersey Department of Health.

29.     On information and belief, Lupin Pharm., alone or together with Lupin Ltd., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission

of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

30.     On information and belief, Lupin Pharm. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example: *Horizon Orphan LLC et al v. Lupin Limited et al*, 20-cv-10339; *Merck Sharp & Dohme BV et al v. Lupin Limited et al*, 20-cv-02786; *Sun Pharma Global FZE v. Lupin Ltd.*, 18-cv-02213.

31.     This Court has personal jurisdiction over Lupin Pharm. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with, Lupin Ltd.

32.     This Court has personal jurisdiction over Lupin Pharm. because, *inter alia*, this action arises from actions of Lupin Pharm. directed toward New Jersey.  For example, Defendants submitted the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the Patents-In-Suit.  If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

33.     Exercising personal jurisdiction over Lupin Pharm. in this district would not be unreasonable given Lupin Pharm.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

34.     On information and belief, Lupin Pharm. has committed an act of infringement in this judicial district by submitting the ANDA with the FDA on or about February 14, 2022.

35.     On information and belief, Defendants are cooperating, collaborating, or acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, or selling with respect to the Proposed ANDA Product.

36.     On information and belief, Lupin Pharm. has committed acts or caused acts to be committed in preparation for and submission of the ANDA in this judicial district.

37.     On information and belief, Lupin Pharm. will directly benefit if the ANDA is approved by participating in the distribution, offer for sale, or sale of the Proposed ANDA Product.

38.     Venue is proper under 28 U.S.C. § 1400(b) because Lupin Pharm. has committed an act of infringement and has a regular and established place of business in this judicial district.

## ERLEADA®

39.     JBI holds approved New Drug Application No. 210951 for apalutamide, which is prescribed and sold as Erleada®.

40.     On information and belief, Defendants know that JBI holds approved New Drug Application No. 210951.

41.     Erleada® is indicated for the treatment of patients with non-metastatic castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer.  Erleada® is supplied as tablets for oral administration containing the active pharmaceutical ingredient apalutamide.

42.     The International Union of Pure and Applied Chemistry (IUPAC) name for apalutamide is 4-[7-(6-Cyano-5-trifluoromethylpyridin-3-yl)-8-oxo-6-thioxo-5,7-diazaspiro[3.4]oct-5-yl]-2-fluoro-N-methylbenzamide.

## THE PATENTS-IN-SUIT

43.     On November 1, 2016, the 663 Patent, titled "Crystalline Forms of an Androgen Receptor Modulator" was duly and legally issued to Aragon and Sloan-Kettering as assignees.  A copy of the 663 Patent is attached as Exhibit A.

44.     On February 6, 2018, the 054 Patent, titled "Anti-androgens for the Treatment of Non-metastatic Castrate-resistant Prostate Cancer" was duly and legally issued to Aragon as assignee. A copy of the 054 Patent is attached as Exhibit B.

45.     On August 21, 2018, the 314 Patent, titled "Anti-androgens for the Treatment of Non-metastatic Castrate-resistant Prostate Cancer" was duly and legally issued to Aragon as assignee. A copy of the 314 Patent is attached as Exhibit C.

46.     On July 7, 2020, the 508 Patent, titled "Anti-androgens for the Treatment of Non-metastatic Castrate-resistant Prostate Cancer" was duly and legally issued to Aragon as assignee. A copy of the 508 Patent is attached as Exhibit D.

47.     On December 1, 2020, the 888 Patent, titled "Anti-androgens for the Treatment of Non-metastatic Castrate-resistant Prostate Cancer" was duly and legally issued to Aragon as assignee. A copy of the 888 Patent is attached as Exhibit E.

48.     Pursuant to 21 U.S.C. § 355(b)(1), the Patents-In-Suit are listed in the FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering Erleada®.

49.     On information and belief, Defendants know that the Patents-In-Suit are listed in the Orange Book as covering Erleada®.

## DEFENDANTS' NOTICE LETTER AND THE ANDA

50.     By letter dated April 1, 2022, addressed to JBI, Sloan-Kettering, Aragon, and Johnson & Johnson, and received by Johnson & Johnson on April 4, 2022 ("Notice Letter"),

9

Defendants notified Plaintiffs that they had submitted ANDA No. 217084 to the FDA under

§ 505(j)(2) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter

stated that the ANDA seeks the FDA approval necessary to engage in activities that constitute or

require the commercial manufacture, use, sale, offer for sale in, or importation into the United

States, of the Proposed ANDA Product, described in the Notice Letter as "apalutamide oral

tablets, 60 mg" prior to the expiration of the 663 Patent.

51.     The Notice Letter stated that Defendants had received a Paragraph IV

acknowledgement letter from the FDA.

52.     The ANDA includes a Paragraph IV Certification that the claims of the 663 Patent

are invalid, unenforceable, or not infringed.

53.     The Notice Letter stated that the Proposed ANDA Product will not literally

infringe the claims of the 663 Patent because the Proposed ANDA Product does not contain

crystalline Form B of apalutamide.

54.     The Notice Letter stated that the Proposed ANDA Product will not infringe the

claims of the 663 Patent under the doctrine of equivalents because the Proposed ANDA Product

does not contain crystalline Form B of apalutamide, and that the patent owner had disclosed

apalutamide in amorphous form but did not claim the amorphous form.

55.     The Notice Letter included an Offer for Confidential Access ("OCA") to the

ANDA.  The parties agreed on revised terms for the OCA.  On April 21, 2022, Defendants

produced documents that Defendants purported to be the ANDA.

56.     On April 27, 2022, Plaintiffs requested technical information regarding the

Proposed ANDA Product.  Defendants declined to provide any further information.  By failing to

provide information, Defendants impeded Plaintiffs' ability to evaluate infringement of the 663

Patent.  On information and belief, if Defendants had a good faith basis to contest infringement of the 663 Patent, they would have provided the requested information.

57.     Plaintiffs are not aware of any other means by which to obtain technical information regarding the Proposed ANDA Product.

58.     On information and belief, the Proposed ANDA Product contains some amount of crystalline Form B of apalutamide.

59.     On information and belief, the drug substance in and used for the Proposed ANDA Product contains some amount of crystalline Form B of apalutamide.

60.     Plaintiffs commenced this action within 45 days of the date of receipt of the Notice Letter.

61.     Defendants filed an Answer, along with Affirmative Defenses and Counterclaims on July 18, 2022.

62.     On July 18, 2022, pursuant to Local Patent Rule 3.6(a), Defendants produced documents that Defendants stated to be the ANDA.

63.     On information and belief, Defendants have actual knowledge of each of the Patents-In-Suit, at least as shown by the discussion of the Orange Book listing for Erleada in the Notice Letter.

64.     On information and belief, Defendants seek to obtain FDA approval to manufacture, use, import, offer to sell, and sell their Proposed ANDA Product in the United States before the expiration of the Patents-In-Suit.

65.     Plaintiffs are timely filing this amended complaint within 21 days of receipt of the Defendants' Answer.

**COUNT I – CLAIM FOR INFRINGEMENT OF THE 663
PATENT**

11

66.     Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

67.     An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 663 Patent, including at least claims 1, 13, and 17.

68.     On information and belief, because the Proposed ANDA Product and the drug substance in and used for the Proposed ANDA Product contain some amount of crystalline Form B of apalutamide, the Proposed ANDA Product and the drug substance infringe at least claims 1, 13, and 17 of the 663 Patent.

69.     On information and belief, the Proposed ANDA Product and the drug substance in and used for the Proposed ANDA Product infringe at least claim 1 of the 663 Patent because they contain crystalline Form B of apalutamide that is characterized as having at least one of an X-Ray powder diffraction (XRPD) pattern substantially the same as shown in FIG. 2 of the 663 Patent or an X-ray powder diffraction (XRPD) pattern with characteristic peaks at 12.1±0.1° 2-Theta, 16.0±0.1° 2-Theta, 16.7±0.1° 2-Theta, 20.1±0.1° 2-Theta, 20.3±0.1° 2-Theta.

70.     On information and belief, the Proposed ANDA Product and the drug substance in and used for the Proposed ANDA Product infringe at least claim 13 of the 663 Patent because they are a pharmaceutical composition comprising apalutamide and at least one additional ingredient selected from pharmaceutically acceptable carriers, diluents and excipients, in which the apalutamide in the composition comprises the crystalline Form B that is characterized as having at least one of an X-Ray powder diffraction (XRPD) pattern substantially the same as shown in FIG. 2 of the 663 Patent or an X-ray powder diffraction (XRPD) pattern with characteristic peaks at 12.1±0.1° 2-Theta, 16.0±0.1° 2-Theta, 16.7±0.1° 2-Theta, 20.1±0.1° 2-Theta, 20.3±0.1° 2-Theta.

71.     On information and belief, the use of the Proposed ANDA Product and the drug substance in and used for the Proposed ANDA Product will infringe at least claim 17 of the 663 Patent because physicians and/or patients will practice a method of treating prostate cancer in a mammal, specifically a patient, said method comprising administering, causing to be administered, or directing the administration of a pharmaceutical composition comprising apalutamide and at least one additional ingredient selected from pharmaceutically acceptable carriers, diluents and excipients, in which the apalutamide in the composition comprises the crystalline Form B that is characterized as having at least one of an X-Ray powder diffraction (XRPD) pattern substantially the same as shown in FIG. 2 of the 663 Patent or an X-ray powder diffraction (XRPD) pattern with characteristic peaks at $12.1 \pm 0.1°$ 2-Theta, $16.0 \pm 0.1°$ 2-Theta, $16.7 \pm 0.1°$ 2-Theta, $20.1 \pm 0.1°$ 2-Theta, $20.3 \pm 0.1°$ 2-Theta to the patient in need of such treatment.

72.     On information and belief, Defendants will induce infringement of at least claim 17 of the 663 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of treating prostate cancer in a mammal, specifically a patient, said method comprising administering, causing to be administered, or directing the administration of a pharmaceutical composition comprising apalutamide and at least one additional ingredient selected from pharmaceutically acceptable carriers, diluents and excipients, in which the apalutamide in the composition comprises the crystalline Form B that is characterized as having at least one of an X-Ray powder diffraction (XRPD) pattern substantially the same as shown in FIG. 2 of the 663 Patent or an X-ray powder diffraction (XRPD) pattern with characteristic peaks at $12.1 \pm 0.1°$ 2-Theta, $16.0 \pm 0.1°$ 2-Theta, $16.7 \pm 0.1°$ 2-Theta, $20.1 \pm 0.1°$ 2-Theta, $20.3 \pm 0.1°$ 2-Theta to the patient in need of such treatment.

13

73. On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 663 Patent, including at least claims 1, 13, and 17, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 663 Patent, including at least claims 1, 13, and 17, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

74. The Notice Letter purports to include a Notice of Certification for the ANDA under 37 C.F.R. § 314.95(c)(6) as to the 663 Patent.  The Notice Letter did not include a detailed and supported statement of allegations of invalidity, unenforceability, or non-infringement for every claim of the 663 Patent.

75. On information and belief, Defendants have actual knowledge of the 663 Patent, at least as shown by the Notice Letter.

76. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 663 Patent, including at least claims 1, 13, and 17, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 663 Patent.

77. On information and belief, the Proposed ANDA Product and its use, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 663 Patent, including at least claims 1, 13, and 17, under at least one of 35 U.S.C. § 271(a), (b), or (c).

78.     On information and belief, the manufacture, use, import, offer to sell, or sale of the Proposed ANDA Product will directly infringe the claims of the 663 Patent, including at least claims 1, 13, and 17.

79.     On information and belief, physicians and/or patients will directly infringe the claims of the 663 Patent, including at least claims 1, 13, and 17, by the use of the Proposed ANDA Product upon approval.

80.     On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 663 Patent, including at least claims 1, 13, and 17, for the pecuniary benefit of Defendants.

81.     On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 663 Patent, including at least claims 1, 13, and 17.  On information and belief, Defendants will actively induce the infringement of the claims of the 663 Patent, including at least claims 1, 13, and 17.

82.     On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 663 Patent, including at least claims 1, 13, and 17.  On information and belief, Defendants will thus contribute to the infringement of the claims of the 663 Patent, including at least claims 1, 13, and 17.

83.     On information and belief, the actions described in this Complaint relating to the ANDA were done by and for the benefit of Defendants.

84.     Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## COUNT II – CLAIM FOR INFRINGEMENT OF THE 054 PATENT

85. Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

86. An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 054 Patent, including at least claims 6 and 15.

87. On information and belief, the use of the Proposed ANDA Product will infringe at least claims 6 and 15 of the 054 Patent because physicians and/or patients will practice a method of treating non-metastatic castration-resistant prostate cancer in a male human, said method comprising administering, causing to be administered, or directing the administration of a therapeutically effective amount of an anti-androgen to a male human in need of such treatment, wherein the anti-androgen is apalutamide that is administered orally to the male human at a dose of about 240 mg per day.

88. On information and belief, Defendants will induce infringement of at least claims 6 and 15 of the 054 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of treating non-metastatic castration-resistant prostate cancer in a male human, said method comprising administering, causing to be administered, or directing the administration of a therapeutically effective amount of an anti-androgen to a male human in need of such treatment, wherein the anti-androgen is apalutamide that is administered orally to the male human at a dose of about 240 mg per day.

89. On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 054 Patent, including at least claims 6 and 15, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe

and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 054 Patent, including at least claims 6 and 15, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

90.     The Notice Letter purports to include a Notice of Certification for the ANDA under 37 C.F.R. § 314.95(c)(6) as to the 054 Patent.  The Notice Letter did not include a detailed and supported statement of allegations of invalidity, unenforceability, or non-infringement for every claim of the 054 Patent.

91.     On information and belief, Defendants have actual knowledge of the 054 Patent, at least as shown by the discussion of the Orange Book listing for Erleada in the Notice Letter.

92.     On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 054 Patent, including at least claims 6 and 15, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 054 Patent.

93.     On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 054 Patent, including at least claims 6 and 15, under at least one of 35 U.S.C. § 271(a), (b), or (c).

94.     On information and belief, physicians and/or patients will directly infringe the claims of the 054 Patent, including at least claims 6 and 15, by their use of the Proposed ANDA Product upon approval.

95.     On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the

knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 054 Patent, including at least claims 6 and 15, for the pecuniary benefit of Defendants.

96.   On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 054 Patent, including at least claims 6 and 15.  On information and belief, Defendants will actively induce the infringement of the claims of the 054 Patent, including at least claims 6 and 15.

97.   On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 054 Patent, including at least claims 6 and 15.  On information and belief, Defendants will thus contribute to the infringement of the claims of the 054 Patent, including at least claims 6 and 15.

98.   On information and belief, the actions described in this Complaint relating to the ANDA and the 054 Patent were done by and for the benefit of Defendants.

99.   Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

### COUNT III – CLAIM FOR INFRINGEMENT OF THE 314 PATENT

100.   Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

101.   An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 314 Patent, including at least claims 3 and 19.

102.   On information and belief, the use of the Proposed ANDA Product will infringe at least claims 3 and 19 of the 314 Patent because physicians and/or patients will practice a method of treating a male human with non-metastatic castration-resistant prostate cancer, said method

comprising administering, causing to be administered, or directing the administration of an anti-androgen at a dose of about 240 mg per day to a male human in need of such treatment, wherein the anti-androgen is apalutamide, wherein said method further comprises administering a gonadotropin releasing hormone (GnRH) agonist.

103.    Defendants will induce infringement of at least claims 3 and 19 of the 314 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of treating a male human with non-metastatic castration-resistant prostate cancer, said method comprising administering, causing to be administered, or directing the administration of an anti-androgen at a dose of about 240 mg per day to a male human in need of such treatment, wherein the anti-androgen is apalutamide, wherein said method further comprises administering a gonadotropin releasing hormone (GnRH) agonist.

104.    On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 314 Patent, including at least claims 3 and 19, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 314 Patent, including at least claims 3 and 19, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

105.    The Notice Letter purports to include a Notice of Certification for the ANDA under 37 C.F.R. § 314.95(c)(6) as to the 314 Patent.  The Notice Letter did not include a detailed and supported statement of allegations of invalidity, unenforceability, or non-infringement for every claim of the 314 Patent.

106.   On information and belief, Defendants have actual knowledge of the 314 Patent, at least as shown by the discussion of the Orange Book listing for Erleada in the Notice Letter.

107.   On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 314 Patent, including at least claims 3 and 19, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 314 Patent.

108.   On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 314 Patent, including at least claims 3 and 19, under at least one of 35 U.S.C. § 271(a), (b), or (c).

109.   On information and belief, physicians and/or patients will directly infringe the claims of the 314 Patent, including at least claims 3 and 19, by their use of the Proposed ANDA Product upon approval.

110.   On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 314 Patent, including at least claims 3 and 19, for the pecuniary benefit of Defendants.

111.   On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 314 Patent, including at least claims 3 and 19.  On information and belief, Defendants will actively induce the infringement of the claims of the 314 Patent, including at least claims 3 and 19.

112.    On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 314 Patent, including at least claims 3 and 19.  On information and belief, Defendants will thus contribute to the infringement of the claims of the 314 Patent, including at least claims 3 and 19.

113.    On information and belief, the actions described in this Complaint relating to the ANDA and the 314 Patent were done by and for the benefit of Defendants.

114.    Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## COUNT IV – CLAIM FOR INFRINGEMENT OF THE 508 PATENT

115.    Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

116.    An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 508 Patent, including at least claims 1, 2, 5, and 7.

117.    On information and belief, the use of the Proposed ANDA Product will infringe at least claims 1 and 2 of the 508 Patent because physicians and/or patients will practice a method of improving metastasis free survival in a male human with nonmetastatic castration-resistant prostate cancer, said method comprising administering, causing to be administered, or directing the administration of, to said male human, an approved drug product comprising apalutamide in combination with androgen deprivation therapy, wherein the median metastasis free survival is about 40.5 months.

118.    On information and belief, Defendants will induce infringement of at least claims 1 and 2 of the 508 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of improving metastasis free survival in a male human with nonmetastatic castration-

resistant prostate cancer, said method comprising administering, causing to be administered, or directing the administration of, to said male human, an approved drug product comprising apalutamide in combination with androgen deprivation therapy, wherein the median metastasis free survival is about 40.5 months.

119.    On information and belief, the use of the Proposed ANDA Product will infringe claims at least 5 and 7 of the 508 Patent because physicians and/or patients will practice a method of improving metastasis free survival in a male human with nonmetastatic castration-resistant prostate cancer, said method comprising administering, causing to be administered, or directing the administration of, to said male human, an approved drug product comprising apalutamide in combination with androgen deprivation therapy, wherein a drug product label for a reference listed drug for such approved drug product comprises metastasis free survival data, wherein the metastasis free survival data for apalutamide in combination with androgen deprivation therapy arm has a median of about 40.5 months.

120.    On information and belief, Defendants will induce infringement of at least claims 5 and 7 of the 508 Patent by actively inducing the use of the Proposed ANDA Product as a method of improving metastasis free survival in a male human with nonmetastatic castration-resistant prostate cancer, said method comprising administering, causing to be administered, or directing the administration of, to said male human, an approved drug product comprising apalutamide in combination with androgen deprivation therapy, wherein a drug product label for a reference listed drug for such approved drug product comprises metastasis free survival data, wherein the metastasis free survival data for apalutamide in combination with androgen deprivation therapy arm has a median of about 40.5 months.

121.    On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 508 Patent, including at least claims 1, 2, 5, and 7, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 508 Patent, including at least claims 1, 2, 5, and 7, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

122.    The Notice Letter purports to include a Notice of Certification for the ANDA under 37 C.F.R. § 314.95(c)(6) as to the 508 Patent.  The Notice Letter did not include a detailed and supported statement of allegations of invalidity, unenforceability, or non-infringement for every claim of the 508 Patent.

123.    On information and belief, Defendants have actual knowledge of the 508 Patent, at least as shown by the discussion of the Orange Book listing for Erleada in the Notice Letter.

124.    On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 508 Patent, including at least claims 1, 2, 5, and 7, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 508 Patent.

125.    On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 508 Patent, including at least claims 1, 2, 5, and 7, under at least one of 35 U.S.C. § 271(a), (b), or (c).

126.    On information and belief, physicians and/or patients will directly infringe the claims of the 508 Patent, including at least claims 1, 2, 5, and 7, by their use of the Proposed ANDA Product upon approval.

127.    On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 508 Patent, including at least claims 1, 2, 5, and 7, for the pecuniary benefit of Defendants.

128.    On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 508 Patent, including at least claims 1, 2, 5, and 7.  On information and belief, Defendants will actively induce the infringement of the claims of the 508 Patent, including at least claims 1, 2, 5, and 7.

129.    On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 508 Patent, including at least claims 1, 2, 5, and 7.  On information and belief, Defendants will thus contribute to the infringement of the claims of the 508 Patent, including at least claims 1, 2, 5, and 7.

130.    On information and belief, the actions described in this Complaint relating to the ANDA and the 508 Patent were done by and for the benefit of Defendants.

131.    Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## COUNT V – CLAIM FOR INFRINGEMENT OF THE 888 PATENT

132.    Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

24

133.    An actual controversy exists between the parties as to whether Defendants' proposed sale of the Proposed ANDA Product infringes the claims of the 888 Patent, including at least claims 1 and 8.

134.    On information and belief, the use of the Proposed ANDA Product will infringe at least claims 1 and 8 of the 888 Patent because physicians and/or patients will practice a method of treating non-metastatic castration-resistant prostate cancer in a male human, said method comprising administering, causing to be administered, or directing the administration of an anti-androgen at a dose of about 240 mg per day to a male human in need of such treatment, wherein the anti-androgen is apalutamide and wherein said method further comprises orchiectomy.

135.    On information and belief, Defendants will induce infringement of at least claims 1 and 8 of the 888 Patent by actively inducing the use of the Proposed ANDA Product to practice a method of treating non-metastatic castration-resistant prostate cancer in a male human, said method comprising administering, causing to be administered, or directing the administration of an anti-androgen at a dose of about 240 mg per day to a male human in need of such treatment, wherein the anti-androgen is apalutamide and wherein said method further comprises orchiectomy.

136.    On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 888 Patent, including at least claims 1 and 8, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 888 Patent, including at least claims 1 and

8, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

137.    The Notice Letter purports to include a Notice of Certification for the ANDA under 37 C.F.R. § 314.95(c)(6) as to the 888 Patent.  The Notice Letter did not include a detailed and supported statement of allegations of invalidity, unenforceability, or non-infringement for every claim of the 888 Patent.

138.    On information and belief, Defendants have actual knowledge of the 888 Patent, at least as shown by the discussion of the Orange Book listing for Erleada in the Notice Letter.

139.    On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 888 Patent, including at least claims 1 and 8, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell or sell the Proposed ANDA Product before the expiration date of the 888 Patent.

140.    On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 888 Patent, including at least claims 1 and 8, under at least one of 35 U.S.C. § 271(a), (b), or (c).

141.    On information and belief, physicians and/or patients will directly infringe the claims of the 888 Patent, including at least claims 1 and 8, by their use of the Proposed ANDA Product upon approval.

142.    On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or

patients, in a manner that infringes the claims of the 888 Patent, including at least claims 1 and 8, for the pecuniary benefit of Defendants.

143.    On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 888 Patent, including at least claims 1 and 8.  On information and belief, Defendants will actively induce the infringement of the claims of the 888 Patent, including at least claims 1 and 8.

144.    On information and belief, Defendants' Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 888 Patent, including at least claims 1 and 8.  On information and belief, Defendants will thus contribute to the infringement of the claims of the 888 Patent, including at least claims 1 and 8.

145.    On information and belief, the actions described in this Complaint relating to the ANDA and the 888 Patent were done by and for the benefit of Defendants.

146.    Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

A.    Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed one or more claims of each of the Patents-In-Suit through the submission of the ANDA to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell the Proposed ANDA Product in the United States before the expiration of the Patents-In-Suit;

B.      Enter a declaratory judgment that pursuant to 35 U.S.C. § 271(a), (b), and/or (c), the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Proposed ANDA Product, prior to the expiration of the Patents-In-Suit, would constitute infringement of one or more claims of each of the Patents-In-Suit under 35 U.S.C. § 271 (a), (b), and/or (c);

C.      Order that pursuant to 35 U.S.C. § 271(e)(4)(A) the effective date of any approval of the ANDA be a date that is not earlier than the expiration dates of the Patents-In-Suit, or such later date as the Court may determine;

D.      Order that Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling the Proposed ANDA Product, and any other product that infringes or induces or contributes to the infringement of the Patents-In-Suit, prior to the expiration of the Patents-In-Suit, or such later date as the Court may determine;

E.      If Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product prior to the expiration of the Patents-In-Suit, a judgment awarding damages to Plaintiffs resulting from such infringement together with interest;

F.      Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees; and

G.      Award such further and other relief as this Court deems proper and just.

Respectfully Submitted,

28

Dated: August 5, 2022

                      _____

                      Keith J. Miller, Esq.

                      **ROBINSON MILLER LLC**

                      Ironside Newark

                      110 Edison Place, Suite 302

                      Newark, New Jersey 07102

                      Tel: (973) 690-5400

                      Fax: (973) 466-2761

                      Email: kmiller@rwmlegal.com

                      *Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc., Janssen Biotech, Inc., and Sloan-Kettering Institute for Cancer Research*

*Of Counsel:*

Steven D. Maslowski

Matthew A. Pearson

Jonathan J. Underwood

Anthony D. Sierra

**AKIN GUMP STRAUSS HAUER & FELD LLP**

1735 Market Street, 12th Floor

Philadelphia, PA 19103

Tel: (215) 965-1200

Fax: (215) 965-1210

smaslowski@akingump.com

mpearson@akingump.com

underwoodj@akingump.com

asierra@akingump.com

Golda Lai

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Robert S. Strauss Tower

2001 K Street, N.W.

Washington, D.C. 20006

Tel: (202) 887-4000

Fax: (202) 887-4288

laig@akingump.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc., Janssen Biotech, Inc.,*

*and Sloan-Kettering Institute for Cancer
Research*

### CERTIFICATE PURSUANT TO RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, except that Aragon, JBI, and/or, Sloan-Kettering, have asserted one or more of the patents in this case in the pending matters in this Judicial District:  *Aragon Pharmaceuticals, Inc. et al. v. Zydus Worldwide DMCC et al.*, Civil Action No. 2:22-cv-02964-JXN-LDW (663 Patent, 054 Patent, 314 Patent, 508 Patent, 888 Patent), *Aragon Pharmaceuticals, Inc. et al. v. Sandoz Inc.*, Civil Action No. 2:22-cv-03044-JXN-LDW (663 Patent), *Aragon Pharmaceuticals, Inc. et al. v. Eugia Pharma Specialities Limited et al.*, Civil Action No. 2:22-cv-03186 (663 Patent); *Aragon Pharmaceuticals, Inc. et al. v. Hetero Labs Limited Unit V et al.*, Civil Action No. 2:22-cv-03212-EP-LDW (663 Patent, 054 Patent, 314 Patent, 508 Patent, 888 Patent) and in the pending matters in the United States District Court for the District of Delaware:  *Aragon Pharmaceuticals, Inc. et al. v. Sandoz Inc.*, Civil Action No. 1:22-cv-00678 (663 Patent), *Aragon Pharmaceuticals, Inc. et al. v. Eugia Pharma Specialities Limited et al.*, Civil Action No. 1:22-cv-00688 (663 Patent), *Aragon Pharmaceuticals, Inc. et al. v. Hetero Labs Limited Unit V et al.*, Civil Action No. 1:22-cv-00696-CFC (663 Patent, 054 Patent, 314 Patent, 508 Patent, 888 Patent).  Further, there are not any non-parties known to Plaintiffs that should be joined to this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  August 5, 2022

Respectfully Submitted,

*s/ Keith J. Miller*
Keith J. Miller, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals,*
*Inc., Janssen Biotech, Inc., and Sloan-Kettering*
*Institute for Cancer Research*